IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 07-00339 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THIRTEEN THOUSAND THREE | ) | |
| HUNDRED NINETY-ONE AND | ) | |
| NO/100 ($13,391.00) IN UNITED | ) | |
| STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| ALLAN A. LAFUENTE, | ) | |
| | ) | |
| Claimant. | ) | |
| _____ | ) | |

ORDER GRANTING THE GOVERNMENT'S
MOTION FOR SUMMARY JUDGMENT

On April 5, 2010, the Court heard Plaintiff's Motion for Summary

Judgment.  Rachel Moriyama, Assistant United States Attorney appeared at the

hearing on behalf of the Government; Pamela Tamashiro, Esq., appeared at the

hearing on behalf of Defendant.  After reviewing the motion and the supporting

memoranda, the Court **GRANTS** the Government's Motion.

BACKGROUND

The parties are familiar with the issues in this case, and the Court only recites those facts that are relevant to determination of the instant motion.  On February 9, 2006, Claimant Lafuente was arrested as a result of an undercover drug purchase, stemming from an ongoing undercover investigation of Claimant's drug activity in late 2005 and early 2006.  (See Doc. #41, Rumschlag Decl. ¶ 4.)  On December 1, 2005, an undercover police officer purchased approximately fifty-five grams of methamphetamine from a female, later identified as Claimant Lafuente's girlfriend, Charlyn Esera.  (Id., Ex. D at 3-32 to 3-36.)  During the drug purchase, the police officer saw Lafuente hand the drugs to Charlyn Esera.  (Id. at 3-34 to 3-36.)  Similarly, on January 23, 2006, the same police officer purchased fifty-five grams of crystal methamphetamine from Lafuente in a sale conducted in Lafuente's van outside of Lafuente's residence located at 94-1054 Awalai Street in Waipahu, Hawaii.  (Id. at 3-53 to 3-58.)

Based on these past undercover drug purchases, federal search warrants to search Lafuente's van and residence were obtained in anticipation of Lafuente's arrest on February 9, 2006.  (Id., Ex. H at 2-87 to 2-88.)  The search of the van owned by Lafuente resulted in recovery of drugs, two digital gram scales, ammunition, and a semi-automatic handgun, all of which were later admitted into

2

evidence at trial.  Upon searching Claimant Lafuente's residence on February 9,

2006, the same day of his arrest, $13,391.00 in cash was found in a backpack

belonging to Lafuente; the bills included denominations of $1, $5, $10, $20, $100,

and $500.  (See Doc. #41, Rumschlag Decl. ¶ 17.)

On February 23, 2006, Claimant Lafuente and his girlfriend Charlyn

Esera were indicted on federal drug charges.  (See United States v. Lafuente, et al.,

Cr. No. 06-00095 DAE "Lafuente I.")  On December 13, 2006, a six-count

Superseding Indictment was returned against Claimant Lafuente charging him

with:  conspiracy to distribute and to possess with intent to distribute fifty grams or

more of methamphetamine on February 9, 2006 (Count 1); distribution of five

grams or more of methamphetamine on November 9, 2005, December 1, 2005, and

January 23, 2006 (Counts 2[1], 3 and 4, respectively);  distribution of fifty grams or

more of methamphetamine on February 9, 2006 (Count 5); and carrying a firearm

during and in relation to the drug trafficking crimes charged in Counts 1 and 5

(Count 6).  (Doc. # 41, Ex. A.)

During the investigation of Lafuente's drug activity, Claimant

Lafuente admitted to being convicted on a State of Hawaii felony drug charge in

---

[1]  Count 2 was later dismissed pursuant to Federal Rule of Criminal
Procedure 48(a) and by leave of the court.

1999 and being sentenced to 20 years.  (<u>See</u> Doc. #41, Rumschlag Decl. ¶ 7; <u>id.</u>, Ex. I ¶ 7.)  On September 24, 2007, in response to the Government's First Request for Answers to Interrogatories, Claimant Lafuente acknowledged his prior drug conviction.  (Doc. # 41 Ex. I ¶ 7.)  Lafuente also admitted his total gross income for the entire period from 2003 to 2006 was $28,415.00.  (<u>See id.</u>, ¶ 9.)  In 2005, the year immediately prior to his February 9, 2006 arrest, Lafuente's gross income was $8,520.00. (<u>Id.</u>)  Claimant Lafuente also stated in his Answers to Interrogatories that, in addition to this reported income, he also received $8,000.00 in cash as a loan from his sister.  (<u>See id.</u> ¶ 15.)  On October 24, 2008, Lafuente filed a Motion to Quash Search Warrant and Suppress Evidence and Statements. (<u>Lafuente I</u>, Doc. # 148.)  After a hearing, the court denied Lafuente's Motion. (<u>See id.</u>, Doc. # 156.)

On March 13, 2009, a jury returned a guilty verdict against Claimant Lafuente on Counts 1, 3, 4, 5, and 6 of the Superseding Indictment.  (Doc. # 40, Ex. B.)  On September 14, 2009, Claimant Lafuente was sentenced to a total of 25 years.  (<u>See Lafuente I</u>, Doc. # 232.)  On October 7, 2009, Claimant Lafuente filed a Notice of Appeal from the criminal conviction.  (<u>Id.</u>, Doc. # 236.)  Claimant Lafuente's Opening Brief is due on April 30, 2010.  (<u>Id.</u>, Doc. # 250.)

On June 20, 2007, the Government filed a civil forfeiture action against the Defendant $13,391.00 (hereinafter "Defendant Property") found at Claimant Lafuente's residence on February 9, 2006.  (Doc. # 1.)  On July 16, 2007, an Amended Compliant was filed alleging the defendant property was subject to forfeiture, pursuant to 21 U.S.C. §881(a)(6), as (1) money furnished or intended to be furnished in exchange for a controlled substance; (2) as proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate any violation of Subchapter 1, Chapter 13 of Title 21, United States Code.  (Doc. # 5.)  Notice of the forfeiture action was sent to all known potential claimants and was published in the Honolulu Advertiser.  (Doc. #14.)  On July 30, 2007, Lafuente filed a claim for his property interest in the Defendant Property.  (Doc. # 7.)

On January 12, 2010, the Government filed the instant motion for summary judgment against Defendant Property.  ("MSJ," Doc. # 40.)  On March 29, 2010, Claimant Lafuente filed a Ex Parte Motion for Extension of Time to File a Response to the Government's motion for summary judgment.  (Doc. # 45.)  The Court denied Claimant Lafuente's motion as untimely.  (Doc. # 47.)

## STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial -- usually, but not always, the defendant -- has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

6

Once the moving party has carried its burden under Rule 56, the

nonmoving party "must set forth specific facts showing that there is a genuine

issue for trial" and may not rely on the mere allegations in the pleadings.  Porter,

419 F.3d  at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256

(1986)).  In setting forth "specific facts," the nonmoving party may not meet its

burden on a summary judgment motion by making general references to evidence

without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885,

889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary

judgment, the court shall have no independent duty to search and consider any part

of the court record not otherwise referenced in the separate concise statements of

the parties.").  "[A]t least some 'significant probative evidence'" must be

produced.  T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank of Ariz. v.

Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence

that is merely colorable or not significantly probative does not present a genuine

issue of material fact."  Addisu, 198 F.3d at 1134.  Further, "[c]onclusory

allegations unsupported by factual data cannot defeat summary judgment."  Rivera

v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003).

When "direct evidence" produced by the moving party conflicts with

"direct evidence" produced by the party opposing summary judgment, "the judge

7

must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id.; see also Nelson v. City of Davis, 571 F.3d 924 (9th Cir. 2009) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (citations omitted).  However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

The Government moves for summary judgment on the grounds that there is no genuine issue as to any material fact and that the Government is entitled to judgment as a matter of law regarding the forfeiture of Defendant Property $13,391.00 in U.S. currency, pursuant to 21 U.S.C. § 881(a)(6).  This Court finds that Claimant Lafuente has failed to raise a genuine issue as to any material fact and therefore decides the instant motion as a matter of law.

To support its motion for summary judgment, the Government argues that it has established by a preponderance of the evidence that the Defendant Property is connected to illegal drug trafficking.  The Government argues that Claimant's long history of drug dealing and his lack of sufficient income to explain or account for his possession of the Defendant Property $13,391.00 in cash supports a reasonable inference that the money constitutes proceeds from illegal drug activity and is thereby subject to forfeiture under 21 U.S.C. § 881(a)(6). (MSJ at 12.)

Under 21 U.S.C. § 881(a)(6), seized money is subject to forfeiture if it is, in pertinent part, "(1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws."  United States v. Currency, U.S. $42,500.00, 283 F.3d 977, 979-80 (9th Cir. 2002) (quoting United States v. $191,910 in U.S. Currency, 16 F.3d 1051, 1071 (9th Cir. 1994)).  In order to institute forfeiture proceedings, the Government must establish probable cause connecting the seized property with illegal drug transactions.  See 19 U.S.C. § 1615 (2001).  In United States v. $493,850.00 in U.S. Currency, 518 F.3d 1159 (9th Cir. 2008), the Ninth Circuit held that the probable cause requirement for instituting a forfeiture action survives the requirements created under the Civil

9

Asset Forfeiture Reform Act of 2000 ("CAFRA").  Id. at 1166; United States v. $186,416.00, 590 F.3d 942, 949 (9th Cir. 2010).

Prior to the enactment of the CAFRA, the burden of proof in civil forfeiture actions "tilted heavily in the government's favor."  United States v. Real Property Located at 5208 Los Franciscos Way, Los Angeles, Cal., 385 F.3d 1187, 1193 (9th Cir. 2004) (quoting United States v. $80,180 in U.S. Currency, 303 F.3d 1182, 1184 (9th Cir. 2002)).  The government had the initial burden of establishing that probable cause existed to institute a forfeiture action.  Id. at 1193 (citation omitted).  Once probable cause was established, the burden shifted to the claimant to establish, by a preponderance of the evidence, that the property was not subject to forfeiture.  Id.  CAFRA transferred the burden of proof from the claimant to the government and raised the government's burden of proof at trial by requiring it to establish forfeiture by a preponderance of the evidence rather than by the lower probable cause standard.  Id.; see also 18 U.S.C. § 983(c)(1).

In examining whether the government's burden of proof at trial under CAFRA replaces, rather than merely adds to, the probable cause requirement to institute a forfeiture proceeding, the Ninth Circuit held that the CAFRA requirement describes the government's burden at trial while the probable cause

10

requirement of 19 U.S.C. § 1605 describes the government's burden to get in the courthouse door.  $493,850.00, 518 F.3d at 1167-69.

Consistent with this Ninth Circuit precedent, the Court's first step is to assess whether the Government had probable cause to institute forfeiture proceedings.  The determination of probable cause is based on the aggregate of facts, and circumstantial evidence may suffice to establish probable cause for instituting a forfeiture proceeding.  $42,500.00, 283 F.3d at 980 (citing United States v. U.S. Currency, $30,060.00, 39 F.3d 1039, 1041 (9th Cir. 1994)).  To meet its burden of establishing probable cause, "the government must show that it had reasonable grounds to believe a connection existed between the property and drug activities, supported by more than mere suspicion but less than prima facie proof." Id.  (citing $30,060.00, 39 F.3d at 1041.)  Furthermore, "[t]he Government may establish probable cause by relying on 'otherwise inadmissible hearsay' because '[t]he question of probable cause depends not upon the admissibility of the evidence upon which the government relies but only upon the legal sufficiency and reliability of the evidence.'"  United States v. $405,089.23 U.S. Currency, 122 F.3d 1285, 1289 (9th Cir. 1997) (quoting United States v. One 56-Foot Motor Yacht Named the Tahuna, 702 F.2d 1276, 1283 (9th Cir. 1983)).

In evaluating the scope of evidence that can be considered when making a probable cause determination, the Ninth Circuit has held that "the government must have probable cause at the time it institutes forfeiture proceedings.  In seeking to establish that it had probable cause to bring these proceedings, the government may not rely on evidence acquired after the forfeiture complaint was filed."  $405,089.23, 122 F.3d at 1289 (citations omitted).  In United States v. $405,089.23 U.S. Currency, the Ninth Circuit rejected considering the claimants' convictions in a parallel criminal case that were post institution of the government's forfeiture action in determining whether the government had probable cause for forfeiture.  Id.

In addition, the Ninth Circuit has held that "the [probable cause] test requires more than the mere existence of a large amount of cash to establish a connection between that cash and illegal drug transactions; the money must be 'in combination with other persuasive circumstantial evidence.'" Id. at 1290 (quoting United States v. Padilla, 888 F.2d 642, 644 (9th Cir. 1989)) (further citations omitted); see also United States v. $93,685.61 in U.S. Currency, 730 F.2d 571 (9th Cir. 1984) (holding that money found in the home of suspected drug dealer, in combination with other persuasive circumstantial evidence, particularly the

presence of drug paraphernalia, was sufficient to establish probable cause for forfeiture of the money).

In its Motion, the Government relies on Claimant's criminal convictions, in 1999 and 2009, and Claimant's Answers to Interrogatories submitted on September 24, 2007, to support its argument that its inference connecting Defendant Property to illegal drug activity was reasonable.  However, for purposes of establishing probable cause for instituting forfeiture proceedings, the Government cannot rely on Claimant's 2009 conviction or September 2007 Answers to Interrogatories to support its argument because both events occurred after the forfeiture proceedings were instituted (First Amended Complaint filed July 16, 2007).  See $405,089.23, 122 F.3d at 1289 (holding that claimants' subsequent convictions could not be considered when determining whether the government has probable cause for instituting a forfeiture action).  Thus, the Court may consider only the evidence acquired before the forfeiture proceedings began in its determination of whether the Government had probable cause for instituting forfeiture proceedings for the Defendant Property.

The Court finds that the Government has established probable cause to institute forfeiture proceedings for the Defendant Property $13,391.00, even without considering the 2009 conviction or the Answers to Interrogatories

submitted in September 2007.  The undercover investigation leading up to

Lafuente's arrest documented his participation in two specific drug transactions,

one on December 1, 2005, and the other on January 23, 2006.  The drug sale from

Lafuente's van occurring on January 23, 2006, took place outside of Lafuente's

residence located at 94-1054 Awalai Street in Waipahu, Hawaii, the same

residence from which Defendant Property was eventually seized, thereby raising

more than a mere suspicion that Lafuente was involved in illegal drug activity at

the premises.

Further, on February 9, 2006, the day of Lafuente's arrest, Claimant

again attempted to sell methamphetamine to an undercover officer from his van

parked outside of the residence.  Pursuant to a search warrant, police officers

seized drugs, two digital gram scales, ammunition, and a semi-automatic handgun

from Lafuente's van, further suggesting his involvement in drug trafficking.  In

addition, Defendant Property, a large amount of money found in cash at Lafuente's

residence, much of which was in large bill denominations, although not alone

persuasive, supports more than a mere suspicion of illegal drug activities when

aggregated with other persuasive circumstantial evidence in the instant case.  The

aggregate of the undercover drug buys, the use of Claimant's residence as a drug

buy location, and the drug-related items recovered from the van provide reasonable

14

grounds for connecting the Defendant Property seized from Claimant's residence to illegal drug transactions.

After determining that the Government had probable cause to institute forfeiture proceedings under 19 U.S.C. § 1605, the Court considers whether there is a genuine issue as to whether the Defendant Property is actually subject to forfeiture by deciding whether the Government meets it burden under CAFRA. In a civil forfeiture proceeding, CAFRA requires the government to prove, by a preponderance of the evidence, that property is subject to forfeiture. 18 U.S.C. § 983(c); 5208 Los Franciscos Way, 385 F.3d at 1193. Furthermore, under CAFRA "the [g]overnment may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture." 18 U.S.C. § 983(c)(2); $493,850.00, 518 F.3d at 1170. Once the government provides such proof, the burden shifts to the claimant to prove that he is an innocent owner of the seized property. $493,850.00, 518 F.3d at 1170; see 18 U.S.C. § 983(d).

The Court finds that the Government has established, by a preponderance of the evidence, that the Defendant Property is subject to forfeiture. In addition to the evidence supporting probable cause, CAFRA also allows the Government to use evidence acquired after the forfeiture complaint was filed,

15

including "evidence gathered at all stages of the litigation." $493,850.00, 518 F.3d at 1168. In addition to the already substantial evidence establishing probable cause for instituting the forfeiture action, the Government's evidence gathered throughout the course of Claimant's criminal action, e.g., Claimant's statements of income in his Answers to Interrogatories, the statements made against him by his former girlfriend, Charlyn Esera, and his 1999 and 2009 convictions, may also be considered by the Court. In the instant case, the evidence connecting Claimant Lafuente to illegal drug trafficking is overwhelming and the Court finds that the Government has met its burden of establishing, by a preponderance of the evidence, that the Defendant Property is subject to forfeiture.

Because the Government has met its burden, the Court now considers whether Claimant Lafuente has made a sufficient showing to establish all elements essential to his case and on which he will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). As such, Claimant Lafuente must raise a genuine issue of material fact that he is an innocent owner of the Defendant Property, pursuant to 18 U.S.C. § 983(d).

At the hearing for the instant motion, held April 5, 2010, Claimant Lafuente relied solely on his Answers from the Interrogatory submitted September 24, 2007, to argue that the Defendant Property was not connected with illegal drug

16

activity.  In Answer No. 15, Claimant Lafuente stated that he acquired $8,000.00 in cash as a loan from his sister, Ana Lafuente.  Claimant also asserted in Annexure III of his Answers to Interrogatories that the remaining $5,391.00 of the Defendant Property was his savings from income of his own business and prior employment.  Besides Claimant's own self-serving statements from the September 2007 Answers to Interrogatories, Claimant Lafuente has not presented any probative evidence to support his assertion that the Defendant Property was obtained from legitimate sources.

Although all inferences are decided in favor of Claimant as the nonmoving party, this Court's review of Ninth Circuit precedent indicates that, when a party's conclusory allegations are entirely unsupported by evidence and are contradicted by opposing evidence, that party has not created a legitimate genuine issue of fact for trial.  The Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (citing Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996)).  "Conclusory allegations unsupported by factual data cannot defeat summary judgment."  Rivera v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003).  The Court acknowledges that there is some ambiguity in Ninth Circuit case law on this point,

17

as some panels have stated that the fact that a summary judgment affidavit is self-serving bears on its credibility and not on its ability to establish a genuine issue of fact.  E.g., SEC v. Phan, 500 F.3d 895, 909 (9th Cir. 2007).

In the instant case, the Court finds that Claimant's conclusory and unsupported assertion that the Defendant Property was obtained from legitimate sources, without more, is insufficient to create a genuine issue of material fact.  At the hearing for the instant motion, Claimant Lafuente argued that if Claimant's sister, Ana Lafuente, were subpoenaed to testify at trial, she would provide testimony and documents to prove that she received a personal injury settlement in 2005 and that she loaned Claimant Lafuente cash from her proceeds.  However, Claimant Lafuente has not produced any documents to corroborate his self-serving statements despite the passage of two-and-one-half years since Lafuente responded to the Government's discovery requests in September 2007.  Moreover, although Counsel for Claimant indicated that she had spoken to Ana Lafuente about loaning cash to Claimant, Ana Lafuente was unwilling to give an affidavit to that effect. Counsel's statements are not evidence before this Court.  Accordingly, Claimant Lafuente has not met his burden of showing that he is an innocent owner of the Defendant Property.

18

Claimant Lafuente's final argument at the hearing for the instant motion was that the Court should stay its decision on the forfeiture proceedings until Claimant's direct appeal is decided because one of the issues on appeal is the validity of the warrant to search Claimant's residence.  The only legal authority the Claimant provided to support his argument was United States v. $186,416.00 in U.S. Currency, 590 F.3d 942 (9th Cir. 2010).  Claimant Lafuente's reliance on $186,416.00 in U.S. Currency is misplaced.  The $186,416.00 in U.S. Currency court did not find that forfeiture proceedings should be stayed upon appeal of a motion to suppress.  Id. at 949.   Under 18 U.S.C. § 981(g)(2), as incorporated by 21 U.S.C. § 881, the Court shall stay the civil forfeiture proceeding with respect to the Claimant if the Court determines that:

> (A) the claimant is the subject of a related criminal investigation or case;
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2).  In the instant case, Claimant Lafuente has not filed a motion for stay and has failed to make a showing or provide any relevant legal authority to justify a stay.  Moreover, at the hearing for the instant motion,

19

Claimant Lafuente failed to demonstrate that a stay of the civil forfeiture proceeding is justified under 18 U.S.C. § 981(g)(2).  Claimant Lafuente's sole reliance on $186,416.00 in U.S. Currency, a case which does not discuss or address the stay of a forfeiture proceeding pending an appeal of the parallel criminal conviction, is not persuasive.  Morever, the Court finds that appeal of the denial of the motion to suppress in the criminal action does not require a stay because the Government can establish its case on independently derived evidence.

The aggregate of facts and overwhelming evidence in the instant case give rise to more than an mere suspicion and establish, by a preponderance of the evidence, that the Defendant Property is connected with illegal drug activity and is thereby subject to forfeiture under 21 U.S.C. § 881(a)(6).  As such, the Government has met its initial burden for purposes of summary judgment. Moreover, Claimant Lafuente has not forth specific facts or submitted probative evidence showing that there is a genuine issue was to whether he is an innocent owner the Defendant Property.  As such, Claimant Lafuente has not met his burden as a nonmoving party to a motion for summary judgment.  Accordingly, the Government's motion for summary judgment is GRANTED.

CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's

Motion for Summary Judgment.


IT IS SO ORDERED.


DATED:  Honolulu, Hawaii, April 14, 2010.




_____
David Alan Ezra
United States District Judge




United States v. Thirteen Thousand Three Hundred Ninety-One and No/100
($13,391.00), CV No. 07-00339 DAE-BMK; ORDER GRANTING THE
GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT